# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kollasoft, Inc., et al., | No. CV-19-05642-PHX-MTM |
| Plaintiffs, | **ORDER** |
| v. | |
| Kenneth T. Cuccinelli II, Acting Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

     Pending before the Court is Defendant's omnibus Motion to Dismiss (doc. 34), filed on January 17, 2020. Plaintiffs submitted their Response in Opposition (doc. 41) on January 31, 2020. Defendant filed his Reply (doc. 43) on February 12, 2020.

     On the same date that Defendant filed his Motion to Dismiss, this Court issued an Order (doc. 36) denying Plaintiffs' Motion for Preliminary Injunction (doc. 20). On January 22, 2020, Plaintiffs filed with the Court a Notice of Interlocutory Appeal to the Ninth Circuit (doc. 38.) That case is docketed as No. 20-15092. (Doc. 40.)

     In the Ninth Circuit, the general rule is that "if a defendant's interlocutory claim is considered immediately appealable …, the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). However, the principle of exclusive appellate jurisdiction is not absolute. *Nat'l Res. Def. Council v. Sw. Marine*, 242 F.3d 1163, 1165 (9th Cir. 2001). The Ninth Circuit permits district courts to continue exercising

jurisdiction while an interlocutory or collateral order is appealed, except with regard to the matters that are the subject of the appeal. *Britton v. Co-op Banking Group*, 916 F.3d 1405, 1412 (9th Cir. 1990). The divestiture rule is meant to balance the competing need to resolve cases expeditiously while preventing parties from having to litigate the same issues simultaneously.

The divestiture rule applies to Defendant's motion. The exception to the divestiture rule is generally read to contemplate circumstances where the subject-matter of the interlocutory appeal and the case on the merits do not intersect. *See e.g.*, *Britton*, 916 F.2d at 1412 (interlocutory appeal on the issue of arbitrability had no impact on district court's consideration of discovery violations); *Nevada v. Bank of America Corp.*, No. CV-11-00135-RCJ (WGC), 2012 WL 13055575 *1 (D. Nev. Jan. 31, 2012) (interlocutory appeal on jurisdictional question did not prevent court from setting status conference regarding discovery dispute). In this case however, ruling on Defendant's Motion to Dismiss would necessarily require the Court to consider issues—such as the likelihood of success on the merits and injury in fact—that will be litigated as part of Plaintiffs' appeal. (*Compare* Doc. 34 at 12 *with* Doc. 36 at 13.) To avoid inconsistent judgments across multiple appeals, the Court concludes that adherence to the divestiture rule is appropriate in these circumstances.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (doc. 34) is **denied without prejudice**.

Dated this 6th day of March, 2020.

                                               *Michael T. Morrissey*
                                               Honorable Michael T. Morrissey
                                               United States Magistrate Judge